Samuel H. Hofstadter, J.
This is a motion by the plaintiff husband for leave to discontinue this action to annul his marriage to the defendant which took place on May 8, 1952. There are now two children born of the union. The action has been pending since 1956 and on January 15, 1957, an order was made directing the plaintiff to .pay $10 weekly for the support of the defendant and $22.50 for the support of the older child; the order permitted the defendant to apply thereafter for support of the second child which was not born until January 29, 1957. Such application, combined with one to punish for contempt for noncompliance with the order of January 15, 1957, is now pending before an Official Beferee.
While ordinarily a litigant will be permitted to discontinue, he may not do so when the proposed discontinuance will substantially prejudice the rights of the defendant. Moreover, because of the public interest, the court possesses a wider discretion when leave is sought to discontinue a matrimonial action (Winans v. Winans, 124 N. Y. 140, 145; Winston v. Winston, 21 App. Div. 371; Weissberger v. Weissberger, 179 Misc. 657). Application of these principles to this case leads to a denial of the present application. The plaintiff should not be allowed through discontinuance to circumvent the outstanding orders already made in the action. The plaintiff having invoked the court’s jurisdiction to adjudge the marriage void, he may not avoid determination of the question whether the children are legitimate. The defendant and the children are entitled to a judicial pronouncement on this issue and are not bound to accept the plaintiff’s guarded and conditional concession on that score. More important, however, is the impact of section 1140-a of the Civil Practice Act which gives the court the power to direct the husband to support the wife, even though it declare the nullity of a void marriage. (Johnson v. Johnson, 295 N. Y. 477; Gaines v. Jacobsen, 308 N. Y. 218, 225.) A discontinuance of the action would deprive the defendant of *517 the benefit of this section and thus enable the plaintiff to escape the obligation to support her, were the court to find that, notwithstanding the invalidity of the marriage, the circumstances warranted such direction.
The motion is accordingly denied.