Matthew M. Levy, J.
This is a suit instituted by the plaintiff husband to annul his marriage. The basis of the action is that the defendant was not eligible to marry the plaintiff in that her prior marriage to one Floyd had not been validly dissolved by the decree of the Alabama court which had been petitioned by her for a divorce from Floyd. The allegation of invalidity is denied by the wife, who urges, moreover, that, by virtue of the conduct of the plaintiff in inducing and encouraging her to proceed to Alabama to divorce Floyd, so that she would be free to marry the plaintiff, the latter is estopped from challenging the divorce from her former spouse and the marriage to her present one.
All of the persons involved were, throughout this entire period, and are now, residents of New York. The wife appeared in Alabama as plaintiff, both by counsel and in person, solely to commence and prosecute her action for divorce, with the usual dispatch indigenous to matrimonial proceedings in that State. Floyd, as a defendant, appeared by counsel therein, did not contest the suit, and, after the divorce, married another woman.
The Alabama decree was entered on February 5, 1958, and, by its terms became final on April 5, 1958. The parties hereto were married in New York the next day. The plaintiff abandoned the defendant in November of that same year. There was other litigation between them in this court and in the Family Court. There are no children of the marriage.
Much of the trial before me involved the defense of estoppel and the proposed findings of fact and conclusions of law submitted by the parties are geared nearly entirely (and those by the plaintiff in all too detailed a fashion) to the items of evidence as to that issue. Nevertheless, I do not go along with the statement contained in one of the memoranda submitted by the defendant to me to the effect that ‘ ‘ the sole issue before this Court is whether the plaintiff should be estopped from attacking the validity of the [Alabama] decree of divorce heretofore obtained by the defendant from her former husband ”. For the question, first, is whether the plaintiff, as a stranger to the Alabama suit, has standing in the instant action to contest the efficacy of the Alabama decree.
Consideration of that primary issue has, unfortunately, been complicated by the plaintiff’s reliance upon the Appellate Division’s decisions in the cases of Magowan v. Magoivcm (24 A D 2d 840) and Weisner v. Weisner (18 A D 2d 997) and by the failure of the defendant (and even of the plaintiff) * to bring *66 to my attention relevant factors in the subsequent litigatory vicissitudes of at least one of these precedents.
Interestingly enough, I find — upon independent research— that Weisner was, in effect, reversed on this point by the Court of Appeals (in 17 N Y 2d 799, on appeal from 23 A D 2d 632), and that .such ruling was made prior to the time of the trial and of the submission of briefs, by counsel here; and that Magowan was also reversed (19 N Y 2d 296) while the instant matter was still sub judice before me — albeit, I recognize, subsequent to trial and submission.
There is no claim by the plaintiff that the alleged jurisdictional invalidity of the Alabama divorce decree in the Floyd action appears on the face of the decree. And a close examination by me does not disclose any intrinsic defect. In such circumstances, “It is settled that when, as in the present case, both parties to an out-of-state divorce appeared in those divorce proceedings, a stranger to the decree may collaterally attack it in our courts only if he establishes that the rendering State permits such an attack. * * * The defendant before us [read ‘ the plaintiff before me ’] has failed to meet the burden thus imposed upon him.” (Magowan v. Magowan, 19 N Y 2d 296, 299, citing the Weisner and other cases; see Ú. S. Const., art. IV, § 1; Johnson v. Muelberger, 340 U. S. 581, 587; Cook v. Cook, 342 U. S. 126,128 ; Goldsmith v. Goldsmith, 19 N Y 2d 710.)
In Weisner, the court said that “ The Alabama law is not clear concerning whether, under the circumstances of this case, its courts would permit such a collateral attack upon plaintiff’s divorce as it is made in this action [citing a number of Alabama cases]. ’’ (Weisner v. Weisner, 17 N Y 2d 799, 802; cf. Phillips v. Phillips, 15 Misc 2d 884.)
I rule, following Magowan (supra, p. 300) that the Floyd divorce decree involved in the case at bar “ may be attacked by the [present plaintiff], if at all, only in the courts of Alabama ”, and that therefore the defendant is entitled to a dismissal of the complaint. And I hold, as did the Court of Appeals, that ‘ ‘ if the [plaintiff] proceeds in Alabama and there succeeds in vacating the decree divorcing the [defendant] from her first husband, he will then be privileged to reassert his claim for an annulment in the New York courts either by way of a new action or as may otherwise be appropriate ”. Thus, the judgment herein should provide that it is rendered ‘ ‘ without prejudice to renewal of an action in the New York courts for annulment in event that the Alabama court vacates the decree in Alabama ” (Weisner v. Weisner, supra, p. 802).
*67 In the light of this determination, I need not become involved in a consideration of the problem as to whether, on the proof before me, the plaintiff is estopped in this court from attacking the Alabama divorce decree on the alleged ground of his encouragement and support of the institution of the action therefor and of his knowledge and acceptance of the result thereof.
The remaining issue to be considered is whether the defendant is entitled to an award of alimony and counsel fees. Section 236 of the Domestic Relations Law (into which was incorporated section 1140-a of the Civil Practice Act) provides in its pertinent part as follows: “ In any action or proceeding brought (1) during the lifetime of both parties to the marriage to annul a marriage or declare the nullity of a void marriage * * ® the court may direct the husband to provide suitably for the support of the wife as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties. * * * Such direction may be made in the final judgment in such action or proceeding, or by one or more orders from time to time before or subsequent to final judgment, or by both such order or orders and the final judgment. ’ ’
Thus, under this statute, the court has the power to direct a plaintiff husband to support his wife, notwithstanding the outcome of the action brought by the husband against the wife. And it was so held in Johnson v. Johnson (295 N. Y. 477) where the Court of Appeals, while affirming a decision which granted a defendant husband judgment on his counterclaim for annulment because of the plaintiff wife’s existing prior marriage, nonetheless held that the court may, in its discretion, make provision for the support of the wife, without regard to whether she is successful or unsuccessful in the defense of the action against her, stating at page 481: “Moreover, the statute is not, by its terms, limited to cases where the wife is the innocent party; such a limitation would certainly be most unreasonable and unjust * * *. To escape such a result, the draftsmen and the Legislature eschewed the rigidity of a mandatory ‘ direction for support ’ subject to an ironclad limitation. Instead they left it to the court’s own discretion in all cases, granting the court power to ‘ give such direction * * * as justice requires.’ ”
It would seem, a fortiori, that, if a court has the power to award the wife permanent alimony upon the granting of an annulment to the husband because of the wife’s existing prior *68 marriage, the court should certainly have the power to award the wife support in instances where the husband is not granted an annulment — for it is a husband’s duty to support his wife in any event. Thus it is that the Appellate Division recently made short shrift of the argument to the contrary in these words: “We agree with the trial court’s rejection of the argument that this ‘ broad grant of discretionary power ’ [contained in Domestic - Relations Law, § 236] (McMains v. McMains, 15 N Y 2d 283, 289; Brownstein v. Brownstein, 25 A D 2d 205, 208), does not permit alimony where, as here, the husband’s annulment complaint has failed.” (Rosenstiel v. Rosenstiel, 28 A D 2d 651.)
A special difficulty is projected by the plaintiff in that the defendant did not, in her answer, counterclaim for a separation or plead any other cause of action in which she set forth grounds for support. While, in my view, not a sine qua non on this point, it is to be noted that the ‘ Wherefore ’ ’ clause in the wife’s answer asks not only that: (A) the complaint herein be dismissed, but also that (B) the defendant be awarded alimony and a counsel fee and (C) that she have such other and further relief as to the court may seem just and proper. Ample opportunity was afforded to and utilized by both parties to present proof upon the trial on the issue of support, and I find, on the proof, that the plaintiff abandoned the defendant without justification, and he has concededly failed to support her.
Under section 236 of the Domestic Relations Law, the court may award the wife alimony “notwithstanding that the court refuses to grant the relief requested by the wife * * * (3) by reason of a failure of proof of the grounds of the wife’s action or counterclaim. ’ ’ It seems to me that if alimony may be awarded to the wife upon failure of proof of her action or counterclaim, the court should likewise have the power to award alimony where there is no counterclaim. I hold, therefore, that the state of the defendant’s pleading is not fatal to the grant of appropriate allowances.
What decisions there are on or related to the subject sustain this view. In Landsman v. Landsman (278 App. Div. 214) the Appellate Division in this Department refused to permit the husband to discontinue an action for annulment instituted by him, noting (pp. 214-215): “ The reason on account of which he evidently wishes to discontinue his lawsuit is to avoid the possibility that he may be compelled to pay for her support by a judgment proclaiming their marriage a nullity. The power of the Supreme Court to award support for the wife under such circumstances has been upheld in Johnson v. Johnson *69 (295 N. Y. 477). If the husband could discontinue this action without an adjudication upon the wife’s right to support under section 1140-a, she will have lost all opportunity to obtain such support in this action, and would be prejudiced by having to commence an action of her own for annulment * * ® even assuming that she could obtain jurisdiction over him therein.”
The court, continuing, stated (p. 215): “ Although the usual situation where discontinuance is denied is where a defendant has interposed a counterclaim, that is not essential. It is enough if a defendant has established rights in the action which will be prejudiced thereby.
‘1 The right of defendant wife to apply to the court for support in her husband’s annulment suit, is in the nature of a counterclaim; it is at least a right in this action which is liable to be prejudiced by its discontinuance.”
In Ozark v. Ozark (191 Misc. 172 [Sup. Ct., Onondaga County, 1947]), the husband’s complaint was dismissed in an action to annul a marriage because of the wife’s alleged fraudulent representations that she was not suffering from tuberculosis. The fact that the defendant wife did not interpose a counterclaim was held not to bar her right to support, the court stating (p. 176): “The provisions of section [1140-a of the Civil Practice Act] apply to any action brought by either the husband or the wife ’ for annulment, or to declare the nullity of a void marriage. The salutary effect of this section is apparent in this case. Were the court without power to grant the wife relief, the effect would be to encourage the wife to bring a subsequent action for separation, resulting in unnecessary litigation. ’ ’
The defendant is entitled to alimony, the amount thereof being dependent upon a consideration of all of the personal, occupational and financial circumstances of the parties (see Practice Commentary by Professor David D. Siegel in McKinney’s Cons. Laws of N. Y., Domestic Relations Law, § 236). That amount will be fixed in the final judgment to be entered herein.
The next and final subject is that of the allowance requested by the defendant for counsel fees. Section 237 of the Domestic Relations Law accords the court complete discretion to award counsel fees. This statute, in its pertinent portion, provides: “ In any action or proceeding brought (1) to annul a marriage or to declare the nullity of a void marriage * * * the court may direct the husband * * * to pay such sum or sums of money to enable the wife to carry on or defend the action or proceeding as, in the court’s discretion, justice requires, having regard for the circumstances of the case and of the respective *70 parties. Such direction must be made in the final judgment in such action or proceeding, or by one or more orders from time to time before final judgment, or by both such order or orders and the final judgment. ’ ’
The defendant is entitled to an allowance for counsel fees, and that, too, will be specified in the judgment.

 See my footnote on page 532 of Davis & Warshow v. Iser. Inc., 30 Misc 2d 528.