■ Charles Schneider, Respondent, v. Jane B. Schneider, Appellant.— Order entered on January 8, 1969, granting plaintiff husband's motion to discontinue the separation action instituted by him, on condition that he pay all temporary alimony due as of the return date of the motion at Special Term, together with statutory costs, unanimously reversed, on the law, the facts and in the exercise of discretion, and motion denied, without costs or disbursements to either party. Plaintiff brought this action claiming abandonment. Defendant wife interposed an answer in which she denied the allegations in the complaint, raised the defenses of abandonment, cruel and inhuman treatment and nonsupport, and requested alimony and support, counsel fees and custody of the two infant issue of the marriage. She did not interpose any counterclaims. On August 2, 1968, defendant was awarded, *pendente lite*, $180 a week for support of herself and the two children. Apparently no appeal was ever taken from that order. Prior to that order and allegedly subsequent to the order appealed from, the husband failed or refused to provide any support for his wife and children. The only reason given by plaintiff in support of his application to discontinue is that he "does not desire to become involved any longer in a matrimonial case with his wife as no useful purpose will now be served by the continuation of the present suit". The inference is warranted that the real reason behind plaintiff's application to discontinue is his desire to avoid complying with the support order of the court. Under the authorities, the plaintiff has no absolute right to discontinue this matrimonial action. (*Winans* v. *Winans*, 124 N. Y. 140; *Landsman* v. *Landsman*, 278 App. Div. 214; *Smith* v. *Smith*, 7 Misc 2d 515.) If the plaintiff is allowed to discontinue this action without adjudicating the rights of the defendant wife to support, she would be prejudiced by losing the benefits of the support order awarded to her and she would be compelled to commence an action of her own against the plaintiff in order to obtain support. The failure of the defendant to plead a counterclaim does not affect the power of the court to provide for her support in the court's discretion, as justice requires. (Domestic Relations Law, § 236; *Virgil* v. *Virgil*, 55 Misc 2d 64.) Concur— Eager, J. P., Capozzoli, McGivern, Markewich and Nunez, JJ.