IVAN MANN, Appellant, v JO-ANN MANN, Respondent.—

Contrary to the plaintiff husband's contentions, former section 699.11 of this court's rules was expressly applicable to *motions* for "Alimony, Counsel Fee Pendente Lite and Child Support" *(see,* 22 NYCRR former 699.11 [a], [b], now 202.16 [g]; *cf. Patell v Patell,* 91 AD2d 1028; *Lewin v Lewin,* 91 AD2d 649). At bar, the court's award of support and counsel fees was not the product of motion practice, but was rather a determination rendered after a full trial on the issue of the parties' respective financial positions. Accordingly, the failure of the parties to submit affidavits of net worth, as to which no objection was raised, does not, under the circumstances at bar, require the disturbing of the court's award.

Nor is the absence of a formally pleaded counterclaim for

support a bar to the court's entertaining the wife's demand for such relief. It has been held that "[t]he failure of the defendant to plead a counterclaim does not affect the power of the court to provide for her support in the court's discretion, as justice requires" (Schneider v Schneider, 32 AD2d 630; Virgil v Virgil, 55 Misc 2d 64, 68; cf. Family Ct Act § 412).

Moreover, an examination of the record in this matter leads us to the conclusion that the award of the total sum of $350 per week in maintenance and child support was appropriate in light of the circumstances and needs of the parties. Nor do we find that the court erred in declining to credit the husband's contentions in respect to his income. Although the husband, who now resides with his parents, claimed at trial that he earned only $241 net salary per week driving a tow truck for a family-owned firm, there was evidence establishing a pattern of prior, voluntary payments equal to, or in excess of $350 per week, made at a time when the husband was employed at the family firm. In light of the foregoing, we find that the court did not err in rejecting the husband's evidence as to his earnings and appropriate gauged the needs of the wife and their children in fixing maintenance and support at a weekly sum of $350.

We note, however, that the judgment entered by the court should reflect that the withdrawal by the husband of his summons and complaint was without prejudice and we modify the judgment accordingly (cf. CPLR 3217 [c]). Finally we find that on this record, the counsel fee was excessive to the extent indicated. Thompson, J. P., Niehoff, Rubin and Spatt, JJ., concur.