■ JOSEPH PETRIE, Appellant, v JOSEPHINE PETRIE, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals (1) as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Marchese, J.H.O.), dated December 11, 1986, which, inter alia, equitably distributed the marital property, awarded the defendant wife $500 per month in maintenance, and determined that the appreciation of the defendant's inheritance was separate property, and (2) from an order of the same court, dated October 7, 1986, which denied the plaintiff's motion to set aside the July 9, 1986, decision, upon which the judgment was based.

Ordered that the judgment is modified, on the law, by deleting the third, fourth, and fifth decretal paragraphs thereof, and the provision of the sixth decretal paragraph which directs the plaintiff to obtain a $35,000 life insurance policy to cover the distributive award of $21,434, and substituting therefor provisions (1) awarding each party 50% of the appreciated value of the marital residence less the amount of the mortgage, with an option to the defendant wife to purchase the plaintiff husband's interest in the house for $75,000, (2) awarding the plaintiff the cash surrender value of the life insurance policy less loans which have been deducted, (3) awarding the plaintiff his savings from the Chase Manhattan Bank, (4) directing the plaintiff to pay to the defendant wife one half of the amount of a cash pension benefit when received by him, less taxes, and (5) denying the defendant maintenance; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the defendant's time to exercise her option to purchase the plaintiff's share of the marital residence is extended until 90 days

after service upon her of a copy of this decision and order, with notice of entry; and it is further,

Ordered that in the event the defendant fails to exercise her option within those 90 days, the marital premises shall be sold and the proceeds divided equally between the parties; and it is further,

Ordered that the appeal from the order dated October 7, 1986 is dismissed, as no appeal lies from an order made upon reargument or renewal of a decision (see, Stockfield v Stockfield, 131 AD2d 834).

The plaintiff Joseph Petrie and defendant Josephine Petrie were married on September 12, 1937. In 1985, the plaintiff husband commenced an action for divorce and the defendant counterclaimed for a divorce. An interlocutory judgment dissolving their marriage was ultimately granted to the defendant by the Supreme Court, Nassau County (Lockman, J.). The matter was subsequently transferred to Marchese, J.H.O., for a determination regarding the financial issues.

Following a hearing, the Judicial Hearing Officer determined that each party was entitled to 50% of the marital property. This property was then evaluated and distributed as follows:

|  | Defendant Wife | Plaintiff Husband |
| --- | --- | --- |
| Marital home and lot less mortgage | $150,706.26 | .00 |
| Husband's pension | .00 | $207,175.00 |
| Cash surrender value of policies less loans | 3,301.00 | .00 |
| Husband's savings | 10,300.00 | .00 |
|  | $164,307.26 | $207,175.00. |

To complete the distribution, the defendant was granted a distributive award of $21,434, which was to be paid in 72 monthly installments. The plaintiff was ordered to obtain $35,000 worth of insurance as security for the payment of this distributive award (see, Domestic Relations Law § 236 [B] [8] [a]). According to the record, the insurance will cost the plaintiff in excess of $5,000 per year.

The plaintiff on appeal does not dispute the Judicial Hearing Officer's valuation of the assets. Rather, he challenges the manner in which the property was distributed. Specifically, he claims that the distribution left him with inadequate liquid assets.

Although the distribution of marital property is left to the

sound discretion of the trial court, "[c]ourts should avoid a method of marital property distribution which permits one spouse immediate realization of equity in the assets awarded, while relegating the other spouse to a relatively long and uncertain wait for the same enjoyment" *(Tanner v Tanner,* 107 AD2d 980, 981; *see also, Nolan v Nolan,* 107 AD2d 190).

Under the circumstances, we conclude that the marital property was divided inequitably in that the defendant received virtually all of the parties' liquid assets whereas the plaintiff only received his pension, the full value of which is not subject to immediate realization. The disparity in terms of the distribution of liquid assets is further evident given the fact that the defendant additionally possessed, as separate property, a substantial inheritance, to which she has immediate access. Despite the imbalance in the distribution of liquid assets, the Judicial Hearing Officer nevertheless also granted the defendant a distributive award and required the plaintiff to obtain insurance to secure the payment thereof.

. To remedy the disparity, we find that the marital residence should be sold and that each party should receive an equal share of the proceeds of the sale, unless the defendant elects to purchase the plaintiff's interest in the residence for the sum of $75,000, as provided for herein. We further find, in light of this disposition, that the defendant is entitled to 50% of the plaintiff's monthly pension payments. Given the financial status of the parties, we also conclude that the plaintiff should receive the cash surrender value of his insurance policies, as well as his savings. By this award, each party will have sufficient liquid assets and the plaintiff will not be required to bear the burden of additional monthly payments for the distributive award or for insurance.

Finally, after weighing all of the relevant factors, we conclude that an award of maintenance in favor of the defendant is not warranted under the circumstances *(see, Iwanicki v Iwanicki,* 138 AD2d 353; *Mann v Mann,* 124 AD2d 565).

We have examined the parties' remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.