■ JOSEPH PETRIE, Respondent, v JOSEPHINE PETRIE, Appellant.—In a proceeding pursuant to CPLR article 4 to vacate an income execution, the appeal is from an order of the Supreme Court, Nassau County (Yachnin, J.), dated February 9, 1988, which granted the petition.

Ordered that the order is reversed, on the law, with costs, and the matter remitted to the Supreme Court, Nassau County, for a hearing to determine the amount which the appellant is entitled to recover under her income execution.

Contrary to the Supreme Court's determination, the petitioner husband's reduced maintenance obligations of $500 per month did not become effective until the date specified in a judgment entered December 11, 1986, on the Judicial Hearing Officer's written decision since the written decision was not an enforceable order *(see,* CPLR 2220 [a]; 5513 [a]; *Talcott Factors v Larfred, Inc.,* 115 AD2d 397, 400). Accordingly, the petitioner husband was obligated to pay the wife the sum of $1,000 per month in maintenance pursuant to a prior court order for the period between the date of the Judicial Hearing Officer's written decision (i.e., July 1986) and the date specified in the judgment entered December 11, 1986 thereon (i.e., Jan. 1, 1987). We note, however, that an issue of fact exists as to whether the petitioner husband paid his entire maintenance obligation of $1,000 for August 1986. Accordingly, the matter is remitted for a hearing to determine the exact amount the wife is entitled to recover pursuant to her income execution.

This court's determination with respect to the petitioner husband's appeal from the judgment entered December 11, 1986, which held that the wife was not entitled to maintenance *(see, Petrie v Petrie,* 143 AD2d 258), had no affect on the petitioner husband's maintenance obligations which were in effect prior to the entry of that judgment. Accordingly, the wife is entitled to recover the balance of the maintenance payments due her through December 1986. Bracken, J. P., Kunzeman, Weinstein and Kooper, JJ., concur.