■ MARGARET L. FILAX, Appellant, v HUGO W. FILAX, Re-

spondent.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: On this appeal, plaintiff's sole contention is that the trial court abused its discretion by adopting an inappropriate procedure for payment of a $30,000 distributive award to plaintiff. We agree. The court ordered defendant to pay the award in weekly installments of $50, secured by a mortgage on real property, to which defendant held title, situated on East River Road, Grand Island, New York. Without elaborating any reasons for its conclusion, the court determined that the realty could not be liquidated.

"Whether marital property shall be distributed or a distributive award shall be made in lieu of, or to supplement, facilitate or effectuate a distribution of marital property are matters committed by section 236 (part B, subd 5) of the Domestic Relations Law to the discretion of the Trial Judge in the first instance" *(Majauskas v Majauskas,* 61 NY2d 481, 493; *see also, Niles v Niles,* 157 AD2d 951, 952). However, "[c]ourts should avoid a method of marital property distribution which permits one spouse immediate realization of equity in the assets awarded, while relegating the other spouse to a relatively long and uncertain wait for the same enjoyment" *(Tanner v Tanner,* 107 AD2d 980, 981; *see, Petrie v Petrie,* 143 AD2d 258, 260, *lv denied* 73 NY2d 702).

Under the circumstances presented here, we conclude that the manner in which the trial court directed payment of a distributive award to plaintiff was inequitable because defendant was awarded virtually all of the parties' marital property while plaintiff was granted a distributive award, the full value of which she will not receive immediately and which she may not receive in the future. We conclude that the Grand Island property should be sold and that plaintiff should be paid her distributive award of $30,000 from the proceeds of the sale, unless defendant elects to pay plaintiff her distributive share.

Accordingly, we modify the judgment of divorce by deleting the second decretal paragraph and substituting therefor a provision permitting defendant to pay plaintiff her distributive award of $30,000 within 90 days after service upon him of a copy of this decision and the order entered herein and, in the event defendant fails to make such payment, the property located on East River Road, Grand Island, New York shall be sold and plaintiff shall receive her $30,000 distributive share from the proceeds of the sale. (Appeal from Judgment of Supreme Court, Erie County, Doyle, J.—Divorce.) Present— Callahan, A. P. J., Doerr, Boomer, Green and Davis, JJ.