■ SUSAN W. BRANDT, Respondent, v CLARENCE E. BRANDT, Appellant.—Weiss, J. Appeal from a judgment of the Supreme Court (Rose, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered July 9, 1990 in Tioga County, upon a decision of the court.

The 18-year marriage of these parties produced five sons whose ages ranged from 8 to 19 at the time this divorce action was commenced. After a bifurcated trial, Supreme Court granted plaintiff a divorce on the ground of cruel and inhuman treatment. The judgment included equitable distribution of marital assets, a provision for child support and maintenance. The issues on this appeal by defendant focus upon distribution of the marital assets, plaintiff's alleged dissipation of $8,000 and an award of counsel fees to plaintiff.

Supreme Court credited defendant with $12,000, representing his equity in the premarital purchase of the home, and $4,139 as the premarital cash value of a life insurance policy. He contends that the home is "hybrid property" *(see, Jolis v Jolis,* 111 Misc 2d 965, *affd* 98 AD2d 692) because title remained solely in his name until a transfer to joint ownership long after the marriage and that he made all mortgage payments and repairs. Conceding that plaintiff is entitled to a portion of the appreciation generated by her contributions during the "marital partnership" *(see, Lord v Lord,* 124 AD2d 930, 931), defendant has challenged equal distribution of the (agreed) net value relying upon *Monks v Monks* (134 AD2d 334). We find that *Lord v Lord (supra)* is factually distinguishable in that the plaintiff there was a carpenter by trade who invested $48,000 of his separate funds and his labor in restoring a house he had purchased for $11,000. The court in *Lord* recognized that the wife's contributions in the form of homemaking and outside employment during the brief five-year marriage entitled her to a share in only a portion of the appreciated value after crediting the plaintiff with a major share *(supra).* In contrast, here plaintiff's acknowledged contributions throughout the lengthy marriage as homemaker and mother to five children entitle her to share equally in the appreciated value of the marital home *(see, Price v Price,* 69 NY2d 8, 17), obviating the need for a hearing to assign values of the property at different times during the term of the marriage.

Defendant also has challenged the propriety of the distribu-

tion because most of his award is comprised of nonliquid assets when compared to the assets awarded to plaintiff. We disagree. Out of the $102,037 awarded to plaintiff, $77,892 represents the marital home in which she and the five children will reside. If this house is sold, plaintiff will have to buy or rent another in which the family will live. On the other hand, no explanation has been given why defendant cannot convert certain items in his award to cash *(cf., Tanner v Tanner,* 107 AD2d 980).

The remaining contentions do not require extensive discussion. Defendant failed to prove that plaintiff dissipated some $8,000 she had during the marriage. Rather, her use of the funds for clothing, vacations for the children, a retainer to her attorney and other everyday expenses was sufficient. Finally, it does not appear that the award of $4,000 to plaintiff for counsel fees and expenses was an abuse of either the power or discretion of Supreme Court under Domestic Relations Law § 237 (a) *(see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881).

Casey, J. P., Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the judgment is affirmed, with costs.