■ LAURA THORN, Plaintiff, v ELLEN (ESTHER) SYLVESTER, Also Known as ESTHER BALDWIN, Respondent, and PAUL A. MARTINEAU, Appellant. [654 NYS2d 829] —In an action, inter alia, to recover damages for breach of contract to pay legal fees, the plaintiff's attorney, Paul A. Martineau, appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Cowhey, J.), entered April 15, 1996, as, upon granting that branch of the defendant's motion which was for the imposition of costs and sanctions pursuant to 22 NYCRR part 130, directed him to pay the defendant's counsel $4,400 in attorneys' fees and awarded $200 in statutory costs.

Ordered that the order and judgment is modified, on the law, by (1) deleting the award of attorneys' fees and substituting therefor a provision denying that branch of the defendant's motion which was for the imposition of costs and sanctions pursuant to 22 NYCRR part 130, and (2) reducing the statutory costs awarded to $100; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the appellant.

The appellant contends that his refusal to withdraw as counsel for the plaintiff does not constitute sanctionable conduct pursuant to 22 NYCRR part 130. We agree.

At a preliminary conference, the defendant addressed his concerns about the appellant's continued representation of the plaintiff in the face of what the defendant believed was a plainly apparent conflict of interest. The court nevertheless directed discovery to proceed, and, by order dated August 21, 1995, directed that the defendant's deposition should take place on September 7, 1995, at the appellant's office. Under the circumstances, the appellant's refusal to voluntarily withdraw as counsel for the plaintiff cannot be considered frivolous conduct (see, 22 NYCRR 130-1.1).

Further, since the defendant made duplicate motions for the same relief, statutory costs should have been limited to $100 (*see,* CPLR 8202).

Contrary to the defendant's assertion, the appellant's failure to take an appeal from two so-called decisions and orders, dated January 2, 1996, and March 11, 1996, respectively, does not preclude review of these issues on the appeal from the order and judgment entered thereon. Both these so-called decisions and orders directed the prevailing party to "Submit order", and thus were, in actuality, decisions (*see, Funk v Barry,* 89 NY2d 364; Siegel, NY Prac § 250 [2d ed]), from which no appeal lies (*see, e.g., Schicchi v Green Constr. Corp.,* 100 AD2d 509).

The parties' remaining contentions are without merit, or need not be addressed in light of our determination. Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.