■ In the Matter of LESNICK AND MAZARIN, Respondent, v HELDER CARVALHO et al., Appellants, GLORIA PASCALE, Respondent, et al., Respondent. (Matter No. 1.) HELDER CARVALHO et al., Appellants, et al., Plaintiff, v GLORIA PASCALE et al., Respondents. (Matter No. 2.) [749 NYS2d 563] —In a proceeding pursuant to CPLR 5239 to determine that the petitioner's rights to a parcel of real property are superior to the rights of the appellants Helder Carvalho, Alice Carvalho, and ABN AMRO Mortgage Group, Inc., and an action, inter alia, for a judgment determining that the appellants' rights are superior, which matters were, in effect, joined for the purposes of determining certain motions, the appeal is from stated portions of (1) an order of the Supreme Court, Westchester County (LaCava, J.), entered May 18, 2001, which, inter alia, in effect, granted that branch of the motion of Gloria Pascale, a respondent in Matter No. 1 and a defendant in Matter No. 2, which was to dismiss the petition insofar as asserted against her, otherwise granted the petition, and determined that the petitioner's rights in the subject property are superior to the appellants', and (2) an amended order of the same court, entered June 7, 2001, which granted the same relief.

Ordered that the appeal from the order entered May 18, 2001, is dismissed, as that order was superseded by the amended order entered June 7, 2001; and it is further,

Ordered that the appeal from so much of the amended order as granted that branch of the motion of Gloria Pascale which was to dismiss the petition insofar as asserted against her for failure to state a cause of action is dismissed, as the appellants are not aggrieved by that part of the amended order (*see* CPLR 5511; *Sidor v Zuhoski,* 257 AD2d 564); and it is further,

Ordered that the amended order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to Lesnick and Mazarin.

In August 1998 Lesnick and Mazarin docketed in the office of the Westchester County Clerk a judgment under Index No. 8367/88 in favor of it and against Gloria Pascale in the sum of $236,565.51, upon her default in answering. That judgment acted as a lien on all of Pascale's property in Westchester County, including a house she owned in Yorktown Heights. Pascale successfully moved to vacate the judgment entered on her default. However, since the "decision and order" dated July 20, 1999, purporting to vacate Pascale's default directed her to "Submit Order on notice," the "decision and order" was merely a decision (see *Thorn v Sylvester,* 237 AD2d 430, 431).

Before submitting such an order, Pascale sold the house in Yorktown Heights to Helder Carvalho and Alice Carvalho, the appellants in these related matters. The Carvalhos gave a purchase money mortgage which was assigned to the appellant ABN Amro Mortgage Group, Inc. Until Pascale submitted an order pursuant to the decision dated July 20, 1999, and it was signed by the Supreme Court, however, the judgment previously entered against her remained in effect. Accordingly, the Supreme Court correctly determined that the appellants' rights to the Yorktown Heights property were subordinate to the judgment lien of Lesnick and Mazarin (cf. *Petrie v Petrie,* 144 AD2d 549).

The appellants' remaining contentions are without merit. Florio, J.P., Feuerstein, Krausman and Crane, JJ., concur.