GAIL S. FANELLI, Appellant, v GEORGE C. FANELLI, Respondent. [787 NYS2d 885]—

In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of a judgment of the Supreme Court, Westchester County (Spolzino, J.), dated August 11, 2003, which, inter alia, equitably distributed the marital assets.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff contends that the trial court's distribution of marital property was inequitable, because she received a greater proportion of the non-liquid assets in the form of retirement accounts, while the defendant received a greater proportion of the liquid assets in the form of proceeds from the sale of the marital residence (*see Filax v Filax,* 176 AD2d 1194 [1991]; *Chirls v Chirls,* 170 AD2d 641 [1991]; *Petrie v Petrie,* 143 AD2d 258, 259-260 [1988]; *Tanner v Tanner,* 107 AD2d 980 [1985]). The liquid or non-liquid character of marital property is one factor a court must consider when making a determination on equitable distribution (*see* Domestic Relations Law § 236 [B] [5] [d] [7]). The court should also consider the income and property of each party (*see* Domestic Relations Law § 236 [B] [5] [d] [1]), their probable future financial circumstances (*see* Domestic Relations Law § 236 [B] [5] [d] [8]), and any other factor which the court finds just and proper (*see* Domestic Relations Law § 236 [B] [5] [d] [13]). After taking into consideration the plaintiff's income, and the additional liquid assets in her possession, the court providently exercised its discretion in making the subject distributive awards (*see Petrie v Petrie, supra).*

Contrary to the plaintiff's contention, the trial court properly based its valuation of the defendant's professional engineering license on his actual prior earnings, rather than on the

estimated earnings of a hypothetical license holder (*see Grunfeld v Grunfeld,* 94 NY2d 696, 704 [2000]; *McSparron v McSparron,* 87 NY2d 275, 286 [1995]; *Morales v Morales,* 230 AD2d 895 [1996]). Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.