■ Maria A. Altieri, Respondent, v Lawrence J. Altieri, Appellant. [827 NYS2d 735]—

Kane, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered September 6, 2005 in Albany County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

The parties, who were married in 1973, stipulated to the distribution of some assets in this divorce action, but proceeded to a nonjury trial to resolve the equitable distribution of the remaining assets, maintenance and counsel fees. Supreme Court's decision edited but mainly adopted plaintiff's proposed findings of fact and conclusions of law, making that document its order and judgment of divorce. As relevant here, the court awarded plaintiff the marital residence, made her responsible for the mortgage on that residence, divided most of the financial accounts evenly, found that defendant wastefully dissipated marital assets by cashing in stocks and taking loans and withdrawals from his 401k plan, and awarded defendant the remaining amount of his 401k plan. Defendant appeals.

Defendant first contends that Supreme Court erred in awarding plaintiff a liquid asset in the form of the marital residence while awarding him a nonliquid asset in the form of his 401k plan. We disagree. Trial courts are accorded substantial deference in determining what distribution of marital property is equitable, and such determinations will not be disturbed if the court considered the statutory factors and did not abuse its discretion (*see Carman v Carman*, 22 AD3d 1004, 1007 [2005];

*Robbins-Johnson v Johnson*, 20 AD3d 723, 725 [2005]; *see also* Domestic Relations Law § 236 [B] [5] [d]). The liquid or nonliquid character of assets is one factor to consider (*see* Domestic Relations Law § 236 [B] [5] [d] [7]; *Fanelli v Fanelli*, 14 AD3d 592, 592 [2005]). While courts should ordinarily avoid methods of property division which provide one spouse with immediate enjoyment of assets and relegate the other spouse to a potentially long and uncertain wait before access to the equity in the assets is realized (*see Cutson v Cutson*, 161 AD2d 996, 999 [1990]; *Tanner v Tanner*, 107 AD2d 980, 981 [1985]), that principle was not violated here. Although defendant will be required to pay income tax on any withdrawals from his 401k account, based on his age he is entitled to make withdrawals without penalties, and had done so several times prior to commencement of this action. As he failed to prove the nonliquidity of that asset, it was properly awarded as an offset against his portion of the marital residence awarded to plaintiff (*see Fanelli v Fanelli, supra* at 592; *Brandt v Brandt*, 176 AD2d 1016, 1017 [1991]; *compare Tanner v Tanner, supra* at 981 [inequitable to award marital residence to one party while other party received unvested pension rights which would not be accessible for 16 years]).

Nor do we find that Supreme Court erred in not adjusting the distributions from defendant's 401k account for tax consequences. Significantly, defendant did not prove the tax impact of those withdrawals. Likewise, were plaintiff to liquidate the realty, she would incur costs for repairs, counsel fees and broker fees. Under the circumstances of this case, considering plaintiff's attachment to the marital home, defendant's actions in secreting assets during the marriage, his failure to disclose significant assets in his financial disclosure statement and his incredible testimony concerning the use of certain assets, it was equitable to balance the distribution of the marital residence to plaintiff against the distribution of the 401k plan to defendant.

Supreme Court also did not abuse its discretion in awarding plaintiff credits for amounts that defendant withdrew from marital assets, cash that defendant secreted in the home and did not claim in his statement of net worth and money in accounts that defendant closed, all while matrimonial actions were contemplated or pending. As the court weighed credibility and determined that defendant failed to adequately explain his withdrawals or account for these marital assets, the finding of wasteful dissipation was appropriate and logically resulted in a credit to plaintiff for her distributive portion of those depleted assets (*see* Domestic Relations Law § 236 [B] [5] [d] [11]; *Brzusz-*

*kiewicz v Brzuszkiewicz*, 28 AD3d 860, 861 [2006]; *Galachiuk v Galachiuk*, 262 AD2d 1026, 1027 [1999]).

We do, however, modify the distribution of one marital debt. Although plaintiff took issue with the use of funds from defendant's 401k plan to finance their daughter's wedding, she concedes a willingness to contribute to the cost of that event. Given the parties' respective incomes, it is equitable that plaintiff repay defendant approximately one third of the cost of the wedding, to wit $10,000.

Although Supreme Court should not have made plaintiff's proposed findings and conclusions into a judgment, the error is harmless here. The court did not abdicate its responsibility and adopt a party's cursory proposals wholesale (*compare Capasso v Capasso*, 119 AD2d 268, 275 [1986]). Rather, the findings and conclusions address the statutory factors and supply reasons for the court's decision (*see* Domestic Relations Law § 236 [B] [5] [g]). The court edited the findings by deleting some proposals and adding other information, reasoning and awards. Still, by signing the proposed findings and conclusions and stating that such document would constitute the court's order and judgment, the court violated the regulation which states that "[f]indings and conclusions shall be in a separate paper from the judgment" (22 NYCRR 202.50 [a]). Defendant never addressed this regulatory violation with Supreme Court, nor does he allege any prejudice from the court's failure to sign two separate papers. Under these circumstances, we find no reversible error.

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by directing plaintiff to pay defendant $10,000; and, as so modified, affirmed.