■ NORMA ROWELL, Respondent, v DAVID A. ROWELL, Appellant.—Main, J. Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered April 8, 1985 in Franklin County, which, *inter alia,* distributed the parties' marital assets.

Plaintiff commenced an action for divorce in November 1980. On October 22, 1981, the parties entered into an open-court stipulation which, *inter alia,* provided for support and maintenance and established a property settlement between the parties. By the terms of the stipulation, which was to be incorporated and merged into the subsequent judgment of divorce, plaintiff was to have ownership of the marital residence and its contents, while defendant was to receive certain airplanes and his Keogh plan. After an appraisal and valuation of such assets, the party receiving the assets of greater value was to pay a sum to the other so that each party would receive an equal share of the marital property. Ultimately, after the parties submitted the appraisal information and other relevant data to the court, Special Term ordered a distribution of the marital assets according to the stipulation and, because the value of the assets being received by defendant exceeded the value of the assets being received by plaintiff by $20,903.44, directed defendant to pay plaintiff the sum of $10,451.72, that amount being one half of the $20,903.44 figure. Defendant now appeals, arguing that Special Term improperly valued certain of the assets received by him, thus inflating the total value of property received by him and, consequently, increasing the amount of money that he will have to pay to plaintiff in order to equalize the division of assets.

We note at the outset that neither party has challenged the validity of the open-court stipulation spread upon the record by the parties *(but see,* Domestic Relations Law § 236 [B] [3]; *Lischynsky v Lischynsky,* 95 AD2d 111). Therefore, we do not now address that issue.

Defendant's first challenge is to Special Term's valuation of his Keogh plan, which the court placed at $56,049.93. According to defendant, this amount does not accurately represent the present value of the plan because, if he now liquidates the plan, he will suffer a tax penalty for the early withdrawal. By the terms of the parties' stipulation, defendant was responsible for submitting "from the appropriate source the evaluation of the Keogh Plan" so that it could be properly valued by the court. The only evaluation submitted by defendant stated that the total market value of the plan was $56,049.93, but

that there was "also the matter of a penalty which may be imposed by the IRS * * * for cases of premature distribution". Indeed, defendant's own affidavit is, at best, equivocal on the issue of whether he planned to or would have to invade the funds in his Keogh plan at all, thus potentially suffering a tax penalty. Therefore, because the burden was, by virtue of the parties' stipulation, upon defendant to demonstrate for the court the value of his Keogh plan, and the only evidence submitted in such regard showed the plan's value to be $56,049.93, Special Term did not err in assigning that figure as the plan's value.

Defendant next asserts that Special Term erred in failing to take into account certain indebtedness in valuing assets. We disagree. According to the parties' stipulation, the net value of the marital assets was to be determined by deducting from the assets' appraised value the amount of "any mortgage, lien or other encumbrance". With regard to two of defendant's airplanes, identified in the record as a 1949 Piper Clipper and a 1972 Pitts, a letter from defendant's own trial attorney states that "when taking into consideration the values of the '72 Pitts and th[e] '49 Piper and the outstanding loans, those two planes had a total net value of $3,699.86". This is precisely the net value assigned to the two crafts by Special Term. With regard to another airplane, identified as a 1972 Citabria, the record is clear that there was no "lien or other encumbrance" thereon. Accordingly, Special Term correctly valued that plane at its full value of $11,500. Finally, defendant may not now assert that plaintiff should be held responsible for certain income tax liabilities incurred during the parties' marriage since the stipulation expressly states that the parties had no financial obligations for which they were jointly liable other than their residential mortgage.

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.