■ JEAN C. TURNER, Respondent, v GEORGE A. TURNER, Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court (Fitzer, J.H.O.), ordering, inter alia, the equitable distribution of the parties' marital property, entered July 28, 1987 in Ulster County, upon a decision of the court, without a jury.

The parties were married in June 1952. They are the parents of three children, all of whom are now emancipated. In June 1984, plaintiff commenced this action against defendant seeking a divorce on the ground of cruel and inhuman treatment. At the outset of the trial, Supreme Court granted the divorce on the ground alleged by plaintiff and the ensuing evidence was addressed to the proper distribution of the assets of the marriage. Following the trial, the court awarded plaintiff $50 per week permanent maintenance and determined that certain property was separate property of plaintiff and not subject to equitable distribution. The principal assets of the marriage included the marital residence and a family business known as Geomar Enterprises (hereinafter Geomar). These were divided equally between the parties. The court made several other determinations with respect to the parties' property. On this appeal, defendant asserts that errors were

made in the disposition of the property and in awarding plaintiff permanent maintenance.

Turning first to the issue of permanent maintenance, defendant argues that Supreme Court failed to consider his ability to pay plaintiff $50 per week. The financial ability of a spouse to make maintenance payments is a factor which the court must consider (see, Domestic Relations Law § 236 [B] [6] [a]; *Matter of De Nicola v De Nicola,* 108 AD2d 745, 746). We find that the record reveals that the court adequately considered this factor as well as other factors set forth in Domestic Relations Law § 236 (B) (6) (a). Supreme Court looked at the income and property of the parties, the duration of the marriage, the earning capacity of each party, the differences in the parties' current salaries and the ability of plaintiff to be self-supporting. The court recognized that neither party was well off, but nevertheless awarded permanent maintenance based, in part, on the demonstrated ability of defendant to earn money as compared to plaintiff. We find sufficient facts to support the determination and do not believe that the court abused its discretion in setting the permanent maintenance at $50 per week.

Next, we turn to defendant's assertions that various errors were made with respect to the distribution of the parties' property. The delicate and difficult task of splitting the assets of a couple going through the often emotional and volatile divorce process is within the sound discretion of the trial court, as guided by the pertinent statutory directives (see, *Petrie v Petrie,* 124 AD2d 449, 450, *appeal dismissed* 69 NY2d 1038; *Foxx v Foxx,* 114 AD2d 605, 606). Defendant complains about Supreme Court's failure to classify two insurance policies held by plaintiff as marital property. Plaintiff's Prudential Life Insurance Company policy, which had a cash surrender value of $1,450, had been purchased prior to the parties' marriage. Although it appears that some of the premiums were paid during the marriage, the evidence on this issue was not clear and defendant failed to submit sufficient evidence to allow the court to make a determination as to the percentage, if any, of this policy which should be treated as marital property. Given defendant's failure of proof and the relatively insignificant amount at issue, we find no error in Supreme Court's refusal to classify the Prudential policy as marital property. The other policy in dispute, which was issued by Metropolitan Life Insurance Company, had a cash surrender value of approximately $1,860 and plaintiff had borrowed $2,700 against it in order to aid in financing the college

education of one of the parties' children. Since the policy was being used to pay for the education of a child of the parties, the court acted within its discretion in not awarding defendant a percentage of the policy.

Next, we consider defendant's arguments with respect to the family business, Geomar. Geomar had been sold prior to trial and, after its debts, taxes and mortgage were paid off, the proceeds of the sale consisted of $9.34 and a mortgage in the amount of $30,000. Supreme Court determined that Geomar was marital property and ordered that the assets be divided equally. Defendant asserts that he made transfers of funds or loans to Geomar which were traceable to his separate property. The evidence on this issue was ambiguous and we find no error requiring reversal. Nor did the values which the court placed on two vehicles owned by Geomar require reversal as asserted by defendant. These values were based on defendant's statements and trade-in value. Hence, we do not believe the court abused its discretion in arriving at the complained-of values (see, Rowell v Rowell, 120 AD2d 787; Fassett v Fassett, 101 AD2d 604, 605).

Defendant's remaining arguments have been considered and found insufficient to merit reversal. Certain of the parties' financial matters, for which the evidence at trial was scarce or ambiguous, might be clarified by remitting the matter. Such action, however, would result in additional counsel fees depleting the parties' modest assets as well as additional expenditure of scarce judicial resources. Review of the record reveals that the distribution of the property ordered by Supreme Court, while perhaps not perfect, was fair, particularly in view of the proof which was presented at trial. Accordingly, we are unconvinced that the court's findings should be disturbed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Harvey and Mercure, JJ., concur.