■ JOANNE R. NILES, Respondent, v CARL L. NILES, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Smyk, J.) ordering equitable distribution of the parties' marital property, entered September 16, 1988 in Tioga County, upon a decision of the court.

We previously modified the parties' judgment of divorce by reversing that portion which directed equitable distribution and remitted the matter to Supreme Court for valuation of the marital property (126 AD2d 874). After further proceedings, Supreme Court determined that the jointly owned real estate had a net value of $212,533.93, the jointly owned land contracts and mortgages were worth $192,172.25 and plaintiff's pension was worth $65,914.29, for a total of $470,620.47 in marital assets. Supreme Court's decision directed plaintiff

to transfer all of her interest in the jointly owned real estate, land contracts and mortgages to defendant. It further directed defendant to pay plaintiff a distributive award of $115,000, plus interest, with half of this amount due in five years and the balance due within 10 years. Defendant was also directed to pay plaintiff half of the net proceeds from the sale of any real estate, with such payment credited against defendant's indebtedness to plaintiff. Defendant received no interest in plaintiff's pension. The decision also, *inter alia,* directed defendant to pay 40% of any college expenses incurred by the parties' children prior to reaching age 21. From the judgment entered thereon, defendant appeals.

Initially, we find that Supreme Court offered sufficient explanation for its determination and we reject defendant's suggestion that reversal is required for insufficient explanation *(see, e.g., Reina v Reina,* 153 AD2d 775). Turning to the merits, we first reject defendant's claim that the jointly owned real property was actually a gift to defendant and should be considered his separate property. The record establishes that the property was never singly owned by defendant but was instead conveyed by defendant's father to the parties as tenants by the entirety some 14 years after their marriage. These circumstances standing alone provide a sufficient basis for Supreme Court's conclusion that the real property constitutes marital property subject to equitable distribution *(see, Ackley v Ackley,* 100 AD2d 153, *lv dismissed* 63 NY2d 605, 772). For similar reasons, we see no basis on which to provide defendant a credit for his alleged contribution of this property.

We next conclude that Supreme Court did not err in making a distributive award to plaintiff. Supreme Court has broad discretion in making distributive awards (Domestic Relations Law § 236 [B] [5] [e]; *see, Majauskas v Majauskas,* 61 NY2d 481, 493). Here, contrary to defendant's contentions, the award is not an immediate realization of equity for plaintiff as compared to defendant's dependence on the sale of the real property. Indeed, plaintiff's award is payable over a 10-year period. Additionally, the disposition was made with explicit consideration of the expenses that defendant will incur in selling the real property, as well as defendant's request that he be granted control over the real property. In this regard, we note that plaintiff's total award was less than 40% of the marital property's value. This division, including the distributive award, seems well within Supreme Court's broad discretion in fashioning equitable distribution.

In a related context, we see no error in Supreme Court's valuation of plaintiff's pension or its award to plaintiff. The valuation adopted by Supreme Court was consistent with the computations of plaintiff's expert and we see no reason to disturb this assessment. Considering the apportionment of assets ordered by Supreme Court, we conclude that awarding the pension solely to plaintiff was well within Supreme Court's discretion in reaching a fair result (see, Day v Day, 152 AD2d 827).

Finally, there is no error in the allocation of college expenses ordered by Supreme Court. It is apparent that defendant's obligation extends only to actual costs incurred; otherwise, plaintiff could reap an unintended windfall. Additionally, the judgment provides for discovery and judicial resolution of any dispute as to college expenses, an appropriate mechanism in this case.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.