■ Kathy J. Stuart, Respondent, v Michael F. Stuart, Appellant. [712 NYS2d 190] —Graffeo, J. Appeal from an amended judgment of the Supreme Court (Monserrate, J.) granting plaintiff a divorce and ordering equitable distribution of the parties' marital property, entered May 20, 1999 in Broome County, upon a decision of the court.

On this appeal, defendant disputes Supreme Court's distribution of the parties' marital assets after plaintiff was granted a divorce. The parties were married in August 1974 and have three children. In October 1994, defendant moved out of the marital residence, a rental property in which the family had resided since they sold their house in 1993. In May 1995, plaintiff expended $23,000 of marital funds toward the purchase of a home for herself and the children. Thereafter, a divorce action was commenced by plaintiff which proceeded to a bench trial in December 1998. Both parties, who had each previously been represented by counsel, proceeded *pro se*.

At the time of trial, plaintiff, a nurse, was employed as a Disability Analyst at the State Office of Disability Management where she earned $33,500 per year. Defendant worked as a teacher in the Crown Point School District with an annual salary of $54,000. Although the parties had put aside significant savings during the marriage, primarily in the form of retirement accounts, these funds were dissipated during their separation to the extent that the only marital assets remaining at the time of trial were defendant's State Teachers' Retirement System pension valued at $66,531 (to which he had contributed since 1975) and plaintiff's 401k account, valued at $3,800 and established during the marriage.[1]

Although there was no dispute as to the value and nature of the existing assets, at trial the parties disagreed on the reasons underlying the withdrawal of certain funds, whether unnecessary dissipation of marital assets had occurred and how the remaining assets should be treated for equitable distribution purposes. Plaintiff proposed that the two retirement accounts be divided equally, while defendant contended that he was

---

1. In its decision, Supreme Court erroneously listed a third retirement account, a $10,674 interest in a Daughters of Charity pension relating to plaintiff's previous employment, as an existing asset although it had long since been liquidated. Supreme Court acknowledged the error in postdecision correspondence after the parties brought it to the court's attention, indicating that the account had no impact on the equitable distribution award. As it is clear from the trial transcript that, at the time of trial, the court and the parties understood that this asset was among those expended and the misstatement was corrected prior to issuance of the amended judgment, it does not provide a basis for modification.

entitled to retain 100% of his retirement account, together with a distributive award and maintenance, due to plaintiff's alleged wasteful dissipation of assets. Other than $23,000 used for the purchase of plaintiff's home, neither party was able to fully articulate how the other assets, which the evidence indicates amounted to more than $60,000, had been spent.

It was undisputed that of the $60,000 at issue, about $14,000 went to pay joint debts in the fall of 1994 and more than $5,000 was lost to early withdrawal penalties in connection with the retirement accounts. Additionally, defendant, having taken a leave from his job for a period of several months in the fall of 1996, acknowledged expending approximately $17,000 to support himself and to pay his child support obligation.

Plaintiff, who continued to pay family expenses, including defendant's insurance and car payments, testified that the remaining funds were exhausted for unspecified "living expenses". She claimed that the family's expenses were elevated for a time due to defendant's harassing conduct which caused her and the children to spend evenings away from their home. The situation culminated in the issuance of an order of protection by Family Court. Defendant acknowledged such behavior.

More than $20,000 in credit card debt was incurred by plaintiff when she began a business venture selling Herbal Life products, apparently undertaken to augment her salary, which was then $12,000 to $15,000 lower than at the time of trial. The enterprise proved to be a financial disaster and, unable to repay her creditors, plaintiff filed for chapter 13 bankruptcy protection. The record reveals that she was ordered to pay her creditors $360 per month for a three-year period pursuant to a reorganization plan. Defendant, who declined to join plaintiff in the bankruptcy and has not contributed to repayment of that debt, is obligated by court order to pay $244 per week in child support. Supreme Court directed that the contributions during the course of the marriage to the retirement accounts, computed using the parties' stipulated valuation date of January 1, 1995,[2] were to be equally distributed by qualified domestic relations orders.

Because plaintiff purchased the house after the parties' chosen valuation date, it was deemed her separate property but Supreme Court determined that defendant was entitled to a distributive award of some portion of the $23,000 in marital

---

2. While Supreme Court correctly observed at trial that the parties had been married 24 years, the decision references a "28-year marriage". For the purpose of clarity and to avoid any error in entry of the qualified domestic relations orders, we note that the parties were married on August 17, 1974.

funds used to acquire the asset. Adjusting defendant's one-half share of $11,500 in consideration of the fact that the funds were used to provide housing for the children during a time when defendant's child support contribution was modest, Supreme Court determined that defendant was entitled to an award of $9,000. As plaintiff had virtually no equity in the property at the time of trial and her financial condition precluded a lump sum or periodic payment, the court held that the award would be paid either from the proceeds of the future sale of the residence or at the time that the parties' youngest child attains the age of 21, whichever occurs first. Defendant now appeals.

"The delicate and difficult task of splitting the assets of a couple going through the often emotional and volatile divorce process is within the sound discretion of the trial court, as guided by the pertinent statutory directives" (*Turner v Turner*, 145 AD2d 752, 753 [citations omitted]). That being said, it is well-settled that "where both spouses contribute equally to a marriage of long duration, a division of marital assets should be made that is as equal as possible" (*Strang v Strang*, 222 AD2d 975, 977).

Although defendant raises various contentions on appeal, the crux of his argument is that Supreme Court erred in its division of the parties' assets because he was not provided with a substantial cash award. Upon our review of the record, we find no basis to conclude that Supreme Court abused its discretion in fashioning the equitable distribution award. Given that the motivation for plaintiff's purchase of a residence in 1995 with $23,000 in marital funds was to provide suitable housing for the parties' children, and in the absence of proof that plaintiff hid assets, we find no abuse of discretion in Supreme Court's decision to award defendant $9,000. Both parties invaded their various accounts during the period of separation and while it appears that plaintiff expended more resources than defendant, plaintiff was primarily responsible for the children. As the evidence concerning the value of the various accounts on the valuation date and the extent to which the funds were used to meet marital obligations is, at best, ambiguous, defendant failed to establish entitlement to a greater proportion of marital property (*see, Strang v Strang, supra*, at 978; *Turner v Turner, supra*, at 753-754). Moreover, in light of the fact that defendant is clearly capable of supporting himself and his income exceeds that of plaintiff, Supreme Court's denial of his request for maintenance was also proper (*see, Monette v Monette*, 177 AD2d 802).

Nor did Supreme Court err in rejecting defendant's argument that he was entitled to compensation for injury to his credit standing due to plaintiff's use of joint credit cards. The record contains no evidence concerning the parties' credit record on the date of valuation so it is impossible to assess whether and to what extent defendant suffered any harm. Although plaintiff incurred significant credit card debt, she alone has shouldered the burden of repayment under the reorganization plan. Finally, Supreme Court's refusal to direct that defendant be allowed to claim their son, the only child under the age of 18, as a dependent for tax purposes was appropriate in light of the fact that defendant did not request this relief at trial and all three children reside with plaintiff (*see, Carpenter v Carpenter*, 202 AD2d 813, 814).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the amended judgment is affirmed, without costs.

