■ WAYNE A. LINCOURT, Appellant, v LINDA J. LINCOURT, Respondent. [771 NYS2d 751]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Coccoma, J.), entered December 10, 2002 in Otsego County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

In this divorce action, the parties contested only the valuation of some marital assets (stipulating to the rest) and maintenance. Plaintiff appeals, and his principal contention with respect to equitable distribution is that given the long duration of this marriage—25 years—the marital assets should have been divided equally. Supreme Court awarded plaintiff $596,963, and defendant $686,516, a difference of $89,553. After taking into consideration the income of the parties at the time of the marriage and at the time of commencement of the action, the valuation date, the probable future financial circumstances of the parties, and defendant's loss of inheritance, Supreme Court determined that an equal division of the marital assets was unnecessary.

Equitable distribution issues are resolved by the exercise of the court's sound discretion, guided by consideration of the statutory factors set forth in Domestic Relations Law § 236 (B) (5) (d) (see Stuart v Stuart, 275 AD2d 533, 535 [2000]; Riley v Jeker, 252 AD2d 680, 681 [1998]), and need not result in an equal division of the marital property regardless of the length of

the marriage (*see Arvantides v Arvantides*, 64 NY2d 1033, 1034 [1985]; *Farrell v Clearly-Farrell*, 306 AD2d 597, 599 [2003]). Rather, equitable distribution is made after due consideration of the needs and circumstances of each party (*see Strang v Strang*, 222 AD2d 975, 977 [1995]). Here, in resolving the issues of equitable distribution, Supreme Court considered the appropriate statutory factors as it carefully weighed the evidence presented and exercised its discretion. We find no basis in this record to disturb the award.

As a subissue, plaintiff correctly points out that Supreme Court erred in the valuation of one marital asset by failing to value that asset as stipulated by the parties. This error in valuation results in an additional deviation from equal division of the marital assets in defendant's favor of approximately $8,000, an amount insufficient to require any modification of the equitable distribution award in the circumstances of this case.

Next, plaintiff attacks the award of durational maintenance to defendant, contending that Supreme Court failed to properly analyze and apply the statutory factors which, under Domestic Relations Law § 236 (B) (6) (a), must be considered. It is axiomatic that the amount and duration of maintenance falls within the broad discretionary powers of the court (*see* Domestic Relations Law § 236 [B] [6] [a]; *Majekodunmi v Majekodunmi*, 309 AD2d 1024, 1025 [2003]). In resolving the issue of maintenance, Supreme Court considered the substantial disparity in the parties' incomes, the predivorce standard of living, the duration of the marriage, the present and future earning capacity of the parties and the tax consequences to both parties. Although defendant quibbles with several of Supreme Court's findings of fact, no alleged error mandates any modification of the maintenance award. Further, we have examined the additional contentions made by plaintiff with respect to the maintenance award and find each to be unpersuasive. In sum, the record establishes that Supreme Court carefully weighed a variety of statutory factors and reached a reasoned decision well within its exercise of discretion. Accordingly, we affirm the award of maintenance both as to duration and amount.

Peters, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.