■ Bonnie A. Robbins-Johnson, Respondent, v Alan D. Johnson, Appellant. [— NYS2d —]—

Rose, J. Appeal from a judgment of the Supreme Court (Coccoma, J.), entered June 2, 2004 in Otsego County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

The parties in this matrimonial action were married in September 1993 and have no children. After a four-day bench trial, Supreme Court distributed the parties' marital property and ordered defendant to pay maintenance in decreasing weekly amounts over a period of eight years, starting with $800 in the first year and ending with $100 in the last. Supreme Court also granted plaintiff's application for counsel fees in the amount of $1,500 for services rendered in opposing a second motion by defendant for reduction of temporary maintenance. Defendant appeals, contending that Supreme Court erred in its distribution of marital property, the amount and duration of maintenance, and its award of counsel fees.

Initially, we find no merit in defendant's contentions concerning the amount and duration of maintenance. At the time of trial, defendant was 58 years old, plaintiff was 46 years old and both were in good health. Although plaintiff had worked during some of the marriage, she lost her employment—along with attendant health and retirement benefits—in 1996 when defendant restricted the hours she could work. Supreme Court imputed amounts of income to the parties greater than they claimed, attributing an annual income of $20,800 to plaintiff and $100,000 to defendant. Defendant's income was calculated using his admitted salary and then augmented based on Supreme Court's finding that he had intentionally withheld information concerning the actual amount of his income. The court also noted that defendant owns far more separate property than does plaintiff. Supreme Court considered these factors, as well as the living expenses of the parties and the evidence of their predivorce standard of living, and awarded plaintiff a decreasing share of defendant's annual income. Accordingly, despite the generous initial amounts of the maintenance award, we find no abuse of Supreme Court's discretion

given the annual decreases throughout its duration (*see Lincourt v Lincourt*, 4 AD3d 666, 667 [2004]; *Smith v Smith*, 1 AD3d 870, 872 [2003]; *Majekodunmi v Majekodunmi*, 309 AD2d 1024, 1025 [2003]).

Nor will we disturb Supreme Court's distribution of the parties' marital property. Supreme Court is vested with " 'substantial discretion in determining what distribution of marital property will be equitable under all the circumstances' " (*Farrell v Cleary-Farrell*, 306 AD2d 597, 599 [2003], quoting *Owens v Owens*, 288 AD2d 782, 783 [2001]). Here, Supreme Court thoroughly examined and set forth the circumstances of the case and the pertinent statutory factors considered in making its distribution (*see* Domestic Relations Law § 236 [B] [5] [d]; *Cappiello v Cappiello*, 66 NY2d 107, 110 [1985]; *Rosenkranse v Rosenkranse*, 290 AD2d 685, 686 [2002]; *Stuart v Stuart*, 275 AD2d 533, 535 [2000]). Supreme Court detailed the parties' separate and marital property, finding a total net worth of $677,346, and valuing their vehicles and other marital property at $136,663.44. The court awarded plaintiff $16,500 of these assets and, to balance the division of marital property, directed defendant to pay plaintiff $50,000 as a distributive award. Thus, plaintiff received approximately 48% of the marital property. While an equal distribution is not mandated (*see Farrell v Cleary-Farrell, supra* at 599), the nearly equal distribution made here was appropriate in light of the parties' circumstances and the pertinent statutory factors, including the 10-year duration of the marriage, loss of pension rights and liquidity of the assets (*see Smith v Smith*, 8 AD3d 728, 731 [2004]; *Lincourt v Lincourt, supra* at 666-667).

Finally, as to the award of counsel fees, defendant argues that a separate hearing was required because the award was imposed as a sanction for frivolous conduct. While it is true that Supreme Court described defendant's second motion to reduce maintenance as no different than the prior motion, which the court had found to be frivolous, the record shows that plaintiff did not make her request pursuant to 22 NYCRR 130-1.1 and the court did not treat plaintiff's request for counsel fees as a motion for costs or sanctions. In addition, Supreme Court's award was adequately supported by the affidavit of plaintiff's counsel setting forth the agreed-upon hourly rate for his services and the hours spent opposing defendant's motion. Further, plaintiff's counsel requested these fees and submitted his affidavit more than one month before the second day of this four-day trial and defendant then failed to question plaintiff or present any evidence concerning fees. Even though the issue was raised again

at the end of the trial, defendant still did not submit an answering affidavit or request a separate hearing on fees. Under these circumstances, defendant had ample opportunity to be heard on this issue (*see Hoyt v Hoyt*, 18 AD3d 1055, 1058 [2005]), and we find no abuse of Supreme Court's considerable discretion in awarding counsel fees (*see e.g. Nelson v Nelson*, 290 AD2d 826, 828 [2002]).

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.