■ In the Matter of LINDA D. et al., Respondents, v RENEE D., Respondent, and CHAD B., Appellant. (Proceeding No. 1.) In the Matter of CHAD B., Appellant, v RENEE D. et al., Respondents. (Proceeding No. 2.) [834 NYS2d 726]—

Crew III, J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered March 16, 2006, which, inter alia, dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody.

Respondent Renee D. (hereinafter the mother) and respondent/petitioner Chad B. (hereinafter the father) are the parents of two children, born in 1995 and 1998. Although never married, the mother and father were involved in an extended relationship, which ended in 2000 when the oldest child was adjudged neglected and the younger child was adjudged to be derivatively neglected as the result of a Family Ct Act article 10 proceeding brought against the father. The father was placed under the supervision of the Cortland County Department of Social Services and ordered to have no contact with the children until he underwent counseling and attended parenting classes. The mother thereafter was awarded sole custody of the children.

In February 2005, the children[1] were adjudicated to be neglected due to the inadequate living conditions of the mother's home. Thereafter, in June 2005, another neglect petition was filed against the mother, again citing the unsuitable living condi-

1. The term "children" includes the parties' biological children and the two children the mother had with another man after her relationship with the father ended. Although all four children are the subject of these proceedings, the father's appeal, quite obviously, concerns only his biological children.

tions of her home. In order to avoid having the children placed in foster care, the mother agreed that they be placed in the care of her parents, petitioners/respondents Linda D. and Rickey D. (hereinafter the grandparents).

The grandparents thereafter commenced proceeding No. 1 seeking custody of the children, and the father commenced proceeding No. 2 seeking modification of the 2000 custody order, asserting that the 2005 neglect adjudication against the mother constituted a sufficient change of circumstance to warrant awarding custody to him. In September 2005, the mother consented to a neglect adjudication upon condition that the children be placed with the grandparents.

In November 2005, Family Court conducted a fact-finding hearing to determine placement pursuant to the neglect petition, the grandparents' petition for custody and the father's modification petition seeking custody. Following a hearing, Family Court denied the father's petition for modification, found that the grandparents demonstrated the required extraordinary circumstances to deprive the father of custody and concluded that it was in the best interests of the children to grant custody to the grandparents, subject to visitation by the father. The father now appeals.[2]

It is axiomatic that a biological parent has a superior claim to custody of his or her child above all others absent surrender, abandonment, neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances (*see Matter of Bevins v Witherbee*, 20 AD3d 718, 719 [2005]). Moreover, the burden of demonstrating extraordinary circumstances is upon the nonparent (*see Matter of Scala v Parker*, 304 AD2d 858, 859 [2003]).

Here, the grandparents demonstrated sufficient extraordinary circumstances to deprive the father of his right to custody of the children. The record makes plain that the father had little or no contact with the oldest child during the first three years of her life or with the youngest child during the first six months of her life. Moreover, the father previously has been adjudicated to have neglected the children, has been convicted of attempted burglary and was arrested for possession of marihuana. While the father ultimately participated in counseling and parenting classes as ordered by Family Court and, as a result, was permitted contact with the children, his contact with them has been

---

2. We note that the father has appealed from Family Court's December 2, 2005 decision and not its March 16, 2006 corrected order. While the appeal technically is premature, we will exercise our discretion and entertain the appeal on the merits (*see O'Brien v O'Brien*, 16 AD3d 1015, 1016 n 2 [2005]).

sporadic since 2004. Furthermore, the father lives with his own father, who consumes alcohol to excess, thereby causing Family Court to conclude that the father's home is not suitable for the children. Under such circumstances, Family Court properly concluded that the requisite extraordinary circumstances existed and, further, that it was in the children's best interests to award custody to the grandparents. The father's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.