■ In the Matter of MICHELLE D. MURRAY, Formerly Known as MICHELLE D. SMITH, Respondent, v DEBRA J. PARISELLA, Respondent, and BRIAN MILLER, Appellant. (And Two Other Related Proceedings.) [836 NYS2d 740]—

Mercure, J.P. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered April 21, 2006, which granted petitioner's application, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent Brian Miller (hereinafter the father) are the parents of a child born in 2002. They resided together with the child until April 2004, when the mother left the home and placed the child in the care of respondent Debra J. Parisella, the child's paternal grandmother. The mother intended the placement to last until she could obtain an apartment and "get [her]self stable." Pursuant to a July 2004 consent order, the mother and Parisella have enjoyed joint custody of the child with primary physical custody remaining with Parisella, and both parents have enjoyed visitation with the child as the parties agreed. In May 2005, the mother commenced the first of these proceedings seeking sole legal and physical custody of the child. The father cross-petitioned for joint custody with the mother and primary physical custody, and Parisella cross-petitioned to continue her joint custody with the mother and to retain physical custody.

Following hearings, Family Court determined that there were no extraordinary circumstances to support the child's placement with a nonparent, i.e., Parisella, and awarded sole custody

to the mother, without addressing the father's petition.* Indeed, despite the father's petition, the court expressly declined to make any findings regarding whether the child's best interests required an award of joint custody to the parents, stating that because "[e]xtraordinary circumstances have not been shown[,] . . . the Court may not reach the question of [the child's] best interests." The court then ordered that Parisella enjoy "reasonable visitation" with the child and that the father enjoy visitation "at such times as the parties may agree." The father now appeals, arguing that Family Court erred in failing to conduct a best interests analysis with respect to his petition. We agree.

As Family Court properly noted, biological parents have a right to custody of their children, superior to that of all others, and may not be denied custody "[i]n the absence of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (*Matter of Male Infant L.*, 61 NY2d 420, 427 [1984], quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *see* Domestic Relations Law § 72 [2]). Moreover, as the court further stated, when extraordinary circumstances are not present, courts do not reach the question of whether the best interests of the child require that custody be awarded to a nonparent (*see Matter of Male Infant L., supra* at 427; *Matter of Campbell v Brewster*, 9 AD3d 620, 621 [2004]; *Matter of McArdle v McArdle*, 1 AD3d 822, 823 [2003]). When both biological parents seek custody, however, a finding that there are no extraordinary circumstances warranting a grant of custody to a nonparent does not end Family Court's inquiry. Rather, under such circumstances, "both parents [are] on an equal footing with the identical burden of establishing that the child's best interest[s] would be served by awarding . . . custody to him or her" (*Matter of Fletcher v Young*, 281 AD2d 765, 767 [2001]).

Accordingly, the father is correct that Family Court erred in failing to consider whether granting the parties joint custody and awarding him physical custody would be in the child's best interests, a determination that requires the consideration of such factors as "maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (*Matter of Smith v Miller*, 4 AD3d 697, 698 [2004]; *see Matter of Fletcher v Young, supra* at 767). We note that "[t]he evaluation of these sensitive factors is best made by Family Court [because] it is in

* Parisella did not appeal.

the best position to evaluate the parties' testimony, character and sincerity" (*Matter of Fletcher v Young, supra* at 767). In addition, as the father contends, the court made no findings with respect to the child's visitation with him, simply leaving intact that portion of the July 2004 consent order that provided the father with visitation as the parties could agree. Under these circumstances, we deem it appropriate to remit this matter to Family Court for a more reasoned determination of the child's best interests and the parties' visitation schedule, including the taking of additional proof if necessary in light of the time that has elapsed since Family Court made its initial determination (*see Matter of Griffen v Evans*, 235 AD2d 720, 722 [1997]; *see also Matter of Cornell v Cornell*, 8 AD3d 718, 720 [2004]).

The parties' remaining arguments are either academic or not properly before us.

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner sole legal custody and directed visitation with respondent Brian Miller; matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision, and pending a new determination, custody of the child shall remain temporarily with the mother; and, as so modified, affirmed.