██ RICHARD C. GULBIN, Respondent, v CHERYL L. MOSS-GULBIN, Appellant. [846 NYS2d 743]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered August 15, 2006 in Broome County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

On this appeal, defendant asserts that Supreme Court erred in three respects: (1) by awarding plaintiff joint custody of her son from a previous relationship; (2) by crediting plaintiff with the repayment of loans to his retirement account and to his parents in determining equitable distribution; and (3) by awarding her an inadequate sum ($2,000) for counsel fees. In sum, we agree with defendant's first argument, disagree with her second assertion and find no record basis to disturb the award of counsel fees.

When the parties married, defendant was already the biological mother of two sons, one of whom is now emancipated. The parties are the biological parents of two more sons. Supreme Court, in reliance upon a long-standing parent/child relationship between plaintiff and defendant's second son, awarded joint custody to the parties with the children's principal residence being with defendant, subject to scheduled visitation rights for plaintiff.

As a general rule, it is clear that a parent's right to custody is superior to all others, except when, in extraordinary circumstances, that right is abandoned by unfitness (*see Matter of Male Infant L.*, 61 NY2d 420, 426-427 [1984]; *Matter of Bennett v Jeffreys*, 40 NY2d 543, 545-546 [1976]; *Matter of Murray v Parisella*, 41 AD3d 902, 903 [2007]; *Matter of Linda D. v Renee D.*, 40 AD3d 1201, 1202 [2007]). Notwithstanding a close and loving relationship, a nonbiological parent does not have standing to request custody or visitation when a biological parent is fit and opposes shared custody or visitation (*see Matter of Alison D. v Virginia M.*, 77 NY2d 651, 655-657 [1991]; *Matter of Multari v Sorrell*, 287 AD2d 764 [2001]; *Matter of Rose v Walrad*, 278 AD2d 537, 538 [2000]; *Matter of Cindy P. v Danny P.*, 206 AD2d 615, 616 [1994], *lv denied* 84 NY2d 808 [1994]). Despite these cases, plaintiff, in reliance upon *Jean Maby H. v Joseph H.* (246 AD2d 282 [1998]), asserts that defendant is equitably estopped from asserting that he lacks standing to seek custody of and visitation with her second son.

"The purpose of equitable estoppel is to preclude a person from asserting a right after having led another to form the reasonable belief that the right would not be asserted, and loss or prejudice to the other would result if the right were asserted" (*Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]). Here, the doctrine is inapplicable. The record reveals that shortly after the parties married, and while this son was only three or four years of age, defendant informed him that plaintiff was not his biological father. Moreover, defendant refused to consent to his adoption by plaintiff precisely for the reason that it would impact on the issue of custody and visitation in the event of a divorce. Under these circumstances, it cannot be concluded that defendant led plaintiff to form a reasonable belief that her claim to custody of her second son would not be asserted. Because defendant refused to stipulate as to the custody of this child and plaintiff admitted that defendant was a fit parent, Supreme Court erred in reaching this issue (*see Matter of Alison D. v Virginia M.*, 77 NY2d at 656-657; *Matter of Bennett v Jeffreys*, 40 NY2d at 547-549; *Matter of Campbell v Brewster*, 9 AD3d 620, 621 [2004]).

Next, Supreme Court possesses substantial and broad discretion in determining equitable distribution issues (*see Arnone v Arnone*, 36 AD3d 1170, 1172 [2007]; *Ruzicka v Ruzicka*, 31 AD3d 862, 863 [2006]; *Robbins-Johnson v Johnson*, 20 AD3d 723, 725 [2005]; *Niles v Niles*, 157 AD2d 951, 952 [1990]). Here, plaintiff and his father both testified to the existence of these loans, the amounts when made and the balance remaining unpaid at the time that the divorce action was commenced. Defendant's evidence consisted only of her own testimony that she was unaware of the existence of these debts. By according the required deference to the fact-finding and credibility determinations of Supreme Court (*see Hiatt v Tremper-Hiatt*, 6 AD3d 1014, 1015 [2004]), we discern no basis on this record to conclude that Supreme Court abused its discretion in determining this issue.

Finally, on the issue of counsel fees, no hearing was requested or held and defendant did not seek to have the issue determined by the submission of affidavits detailing the time spent and disbursements made in defending this action. Under these circumstances, we have no adequate basis upon which to measure and justify an increase in legal fees to defendant (*see Nichols v Nichols*, 19 AD3d 775, 780 [2005]; *Schultz v Schultz*, 309 AD2d 1020, 1021-1022 [2003]). Notably, plaintiff does not challenge the propriety of Supreme Court's award of $2,000.

Cardona, P.J., Mercure, Crew III and Rose, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded plaintiff joint custody and rights of visitation with the nonbiological child, and, as so modified, affirmed.