■ In the Matter of BRIAN J. MILLER, Appellant, v MICHELLE D. MURRAY, Formerly Known as MICHELLE D. SMITH, Respondent, et al., Respondent. (And Two Other Related Proceedings.) [878 NYS2d 478]—

Mercure, J.P. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered April 3, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent Michelle D. Murray (hereinafter the mother) are the unmarried parents of a child born in 2002; respondent Debra J. Parisella is the child's paternal grandmother, who had physical custody of the child for approximately two years after the parents separated. The underlying facts are more fully set forth in our prior decision reversing an order of Family Court that granted the mother's petition seeking sole custody of the child, with visitation to the father and Parisella (*Matter of Murray v Parisella*, 41 AD3d 902 [2007]). Inasmuch as the court had not addressed the father's petition seeking joint custody and primary physical custody, we remitted the matter to Family Court to conduct a best interests analysis with respect to the father's petition (*id.* at 903-904). Following an extensive hearing, Family Court granted the mother and father joint custody of the child, awarding primary physical custody to the mother. In addition, the court granted

the father expanded visitation and directed the parents to support "a continued relationship" between the child and Parisella. The father appeals, and we now affirm.

We reject the argument of the father and Law Guardian that Family Court failed to perform a proper best interests analysis in determining whether the father should be awarded physical custody of the child, as directed by this Court's prior order remitting the matter. As explained in our prior decision, a determination of the child's best interests requires the consideration of factors "such as maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (*Matter of Smith v Miller*, 4 AD3d 697, 698 [2004]; *see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]; *Matter of Fullam v Fullam*, 39 AD3d 897, 897 [2007], *lv denied* 9 NY3d 802 [2007]). Here, although Family Court acknowledged the mother's troubling actions in abruptly changing the child's residence and school without informing the father, as well as the father's improving parenting skills and the relative fitness of both parents, it concluded that the mother is more likely to provide a stable and appropriate home.

In that regard, Family Court noted that the father has a history of drug use and violent behavior toward the mother, and recently assaulted his paramour, who resides with him. There was also evidence that the father's residence was recently burglarized by friends of an acquaintance of the father in an act of retaliation for the father's use of a racial slur during an argument; evidently, two individuals kicked in the door to the father's residence while he was sleeping, beat him and then stole food from his freezer. The mother testified that, following the burglary, the father's door was defective and would not remain closed unless locked, creating a safety concern for the child. Finally, although the father asserts that the mother refused to pursue treatment for the child's medical problems, there is evidence that the mother remained in contact with the child's doctors regarding the problems and has taken appropriate action to remedy them. In any event, there was further proof that although cigarette smoking posed a particular health hazard to the child, the father's paramour continued to smoke inside his residence while the child was present.

Under these circumstances and according deference to Family Court's unique ability to assess the witnesses' credibility, we conclude that Family Court's determination is supported by a

sound and substantial basis in the record and, thus, it will not be overturned (*see Matter of Cree v Terrance*, 55 AD3d 964, 967 [2008], *lv denied* 11 NY3d 714 [2008]; *Matter of Grayson v Fenton*, 13 AD3d 914, 915 [2004]; *see also Matter of Darrow v Burlingame*, 298 AD2d 651, 652 [2002]). The father's remaining arguments have been considered and found to be lacking in merit.

Spain, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.