■ In the Matter of JESSE XX., a Child Alleged to be Neglected. CHENANGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARILYN ZZ., Appellant. (Proceeding No. 1.) (And Another Related Proceeding.) In the Matter of JESSE XX., a Child Alleged to be Neglected. CHENANGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RUSSELL XX., Appellant. (Proceeding No. 3.) (And Another Related Proceeding.) In the Matter of PEGGY YY. and Another, Children Alleged to be Neglected. CHENANGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARILYN ZZ., Appellant. (Proceeding No. 5.) In the Matter of PEGGY YY. and Another, Children Alleged to be Neglected. CHENANGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RUSSELL XX., Appellant. (Proceeding No. 6.) [893 NYS2d 686]—

Garry, J.

Respondent Russell XX. (hereinafter the father) and respondent Marilyn ZZ. (hereinafter the mother) are the parents of one daughter born in 2005 (hereinafter the youngest child). The mother has a daughter born in 1993 (hereinafter the middle child) and another daughter born in 1992 (hereinafter the oldest child). The mother and father lived with the oldest and middle children for approximately five years before these proceedings were commenced, and the youngest child from the time of her birth.

In August 2007, petitioner commenced the first two proceedings with respect to the youngest child, alleging that respondents had failed to provide her with appropriate housing and medical care, that the father had dropped her while intoxicated on several occasions, that the mother had failed to take adequate steps to protect the child, and that respondents suffered from mental or emotional disabilities that prevented them from providing adequate supervision and care. In December 2007, petitioner commenced the third and fourth proceedings alleging that the youngest child was derivatively neglected due to the father's alleged sexual abuse of the oldest child, his physical and verbal abuse of the middle and oldest children, and the mother's failure to intervene. Petitioner commenced the fifth and sixth proceedings in January 2008, alleging that the father physically and verbally abused the middle and oldest children, sexually abused the oldest child, and was under the influence of alcohol or suffering from a mental or emotional disability at the time of these events. Petitioner further alleged in those proceedings that respondents confiscated the children's earnings and sold their belongings in order to purchase alcohol or tobacco and that the mother had failed to provide them with adequate medical, optical, and dental care and had not taken adequate steps to protect them from the father.

In March 2008, Family Court conducted an in camera hearing at which the middle and oldest children testified. The court subsequently conducted an extensive fact-finding hearing and, in September 2008, issued a decision that sustained the allegations of each petition, followed by determinations on fact-finding that adjudicated all three children to be neglected with respect to both respondents and by orders of disposition that placed the children with third parties. Respondents now appeal.*

We reject respondents' contention that Family Court's adjudication of neglect was inadequately supported. Petitioner bore the burden of proving by a preponderance of the evidence that the children were harmed or in imminent danger of harm as a result of respondents' failure "to exercise a minimum degree of care" (Family Ct Act § 1012 [f] [i]; see *Matter of Larenzo SS.*, 289 AD2d 880, 882 [2001]; *Matter of Christopher JJ.*, 281 AD2d 720, 721 [2001]). The evidence was sufficient to meet petitioner's burden. Several witnesses testified about the father's frequent abuse of alcohol and his violent behavior, such as hitting, slapping, and spanking the children, hitting the mother in the children's presence, flipping over a couch on which a child was seated, and choking a child and throwing her across a room. The father sexually abused the oldest child on two occasions, at one of which the mother was present. Witnesses testified that he exhibited strange behavior, such as isolating himself from others, talking to himself, and repetitively describing incidents that never occurred, and that he threatened and verbally abused petitioner's caseworkers. There was testimony that respondents did not provide the children with necessary medical, dental, and optical care, and that they often spent their limited income on alcohol and cigarettes or confiscated the older children's earnings for such purposes instead of purchasing necessary items such as diapers, bedding, and hygiene products. During a period of homelessness, respondents permitted a neighbor to make housing arrangements for the oldest and middle children but refused to allow the youngest child to join them, although this required her to live with respondents in a tent; they also refused to accept available housing that would have required them to give up their dogs. The

---

* Although respondents' notices of appeal purport to appeal from Family Court's decision resolving these proceedings, no appeal lies from a decision of Family Court (*see* Family Ct Act § 1112 [a]; *Matter of Gunthorpe v Cathey*, 52 AD3d 907, 908 n [2008]; *see also* CPLR 5512 [a]; Family Ct Act § 165). We will nevertheless exercise our discretion and treat the premature notices of appeal as being valid appeals from the orders of fact-finding (*see Matter of Linda D. v Renee D.*, 40 AD3d 1201, 1202 n 2 [2007]; *Matter of Rebecca KK.*, 31 AD3d 830, 831 n [2006]).

mother made excuses for the father, left the children in his care when he was drinking or drunk, and testified that she was willing to relinquish her rights to the two older children and would not leave the father under any circumstances. There was also testimony that the mother had put credit cards and billing accounts in the children's names because of respondents' poor credit history.

The father did not testify at the fact-finding hearing, entitling Family Court to draw the strongest inferences against him permitted by the evidence (*see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79 [1995]; *Matter of Vivian OO.*, 34 AD3d 1111, 1114 [2006], *lv denied* 8 NY3d 808 [2007]; *Matter of Antonio NN.*, 28 AD3d 826, 828 [2006]). As to the mother, the court's assessment of her credibility is entitled to great deference (*see Matter of Megan G.*, 291 AD2d 636, 637 [2002]; *Matter of Katie R.*, 251 AD2d 698, 699 [1998], *lv denied* 92 NY2d 809 [1998]), and its rejection of her claim that the various witnesses against her were lying is soundly supported by, among other things, the multiple inconsistencies and contradictions in her testimony. We therefore find that the court's neglect determinations are fully supported by the evidence and need not be disturbed.

Respondents further argue that their due process rights were violated by the manner in which Family Court conducted the in camera hearing, in that neither they nor their counsel were present and they had no opportunity to cross-examine the children. However, respondents did not object when petitioner initially made a written request for this hearing and advised that, alternatively, it would subpoena the testimony of the two older children. Respondents further made no objection and did not ask to be present when the court later advised the parties of the procedures it would follow and directed them to submit questions, which the father did. Finally, in a conference with counsel after the hearing, the court summarized the children's testimony, indicated that it had found them both to be credible, and stated that transcripts could be obtained if necessary. Respondents neither requested transcripts nor an opportunity to cross-examine the children at the subsequent fact-finding hearing. Thus, respondents have failed to preserve this claim for review (*see Matter of Sabrina M.*, 6 AD3d 759, 761 [2004]; *Matter of Megan G.*, 291 AD2d at 640; *Matter of Jennifer WW.*, 274 AD2d 778, 779 [2000], *lv denied* 95 NY2d 764 [2000]).

Mercure, J.P., Peters, Lahtinen and Kavanagh, JJ., concur. Ordered that the orders are affirmed, without costs.