The People of the State of New York, Appellant,
against
Reuben Carthon, Respondent.



Appeal from an order of the Criminal Court of the City of New York, Kings County (Joanne D. Quinones, J.), dated July 16, 2014. The order granted defendant's motion to dismiss so much of an accusatory instrument as charged him with leaving the scene of an incident without reporting, on the ground that his statutory right to a speedy trial had been violated.




ORDERED that the order is affirmed.
At issue on this appeal is whether the People's declaration of unreadiness in court due the arresting officer's unavailability rendered their prior off-calendar statement of readiness illusory. We conclude that, under the circumstances of this case, it did.
Insofar as is relevant to this appeal, defendant was charged in May 2013 with leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600 [2] [a]). On June 26, 2013, the People filed a supporting deposition and a statement of readiness, after which the case was adjourned numerous times. On the March 18, 2014 adjourned date, the People announced that they were not ready for trial as it was the arresting officer's regular day off, and requested a three-day adjournment. The Criminal Court directed the People to serve and file another statement of readiness and adjourned the case to May 14, 2014 for trial.[FN1]
On March 24, 2014, the People filed an off-calendar statement of readiness. On May 14th, however, they announced that they were not ready for trial because the arresting officer was on vacation, and requested a five-day adjournment, which was granted. Before granting the People's request, the court noted that it had "been receiving several of these cases where [the assistant district attorney] is answering not ready and making very small requests [for adjournments]. So on May 19th, if [the assistant district attorney] is not ready, I would like a supervisor here explaining why these requests continue to be made."

On May 19, 2014, defendant moved to dismiss the accusatory instrument on the ground that he had been denied his right to a speedy trial under CPL 30.30. As defendant was charged with a class A misdemeanor (see Vehicle and Traffic Law § 600 [2] [a], [c]), the People were required to announce their readiness for trial within 90 days of defendant's arraignment thereon (see CPL 30.30 [1] [b]; People v Lomax, 50 NY2d 351, 356 [1980]). Citing to Chief Judge Lippman's concurring opinion in People v Sibblies (22 NY3d 1174 [2014]), defendant argued [*2]that the People's off-calendar filing of a statement of readiness on March 24, 2014 was illusory since they were not ready for trial on May 14 and proffered no exceptional fact or circumstance for their lack of readiness.

The People conceded that they were chargeable with all of the time periods alleged by defendant except for the 51-day time period between March 24, 2014 and May 14, 2014. The People maintained that their March 24th statement of readiness was not illusory and that the ensuing 51-day time period was excludable. In an affidavit, the assistant district attorney stated that, on March 18, 2014, she had notified the police officer of the May 14th date via the police department's court appearance control system. On the morning of May 14th, when she had called the police department to make sure that the officer was on his way to court, she was informed that the officer was on vacation. She then called the officer on his personal phone. The officer informed her that he was out of town and that it would take him more than two hours to get to the courthouse. The People further maintained that, despite the officer's unavailability, their certificate of readiness filed on March 24th was accurate, since their complaining witness was available at that time, and that their prima facie case required no other witness.

By order dated July 16, 2014, the Criminal Court granted defendant's motion. Relying on Chief Judge Lippman's concurring opinion in People v Sibblies (22 NY3d at 1178), the Criminal Court found that the police officer's unavailability due to vacation did not constitute an exceptional circumstance under CPL 30.30 (3) (b), and that a total of 91 days of delay, which included the time period between March 18, 2014 and May 14, 2014, was chargeable to the People.

On appeal, the People contend that the Criminal Court erred in applying the rule adopted by Chief Judge Lippman in his concurring opinion in Sibblies. Instead, the People contend that the court should have applied the narrower approach adhered to by Judge Graffeo in her concurring opinion in Sibblies. Based on that narrower approach, the People maintain that their statement of readiness was not illusory, but accurately reflected their readiness at the time it was filed. The People further maintain that the fact that they were not ready for trial on May 14, 2014 did not invalidate their prior statement of readiness. We disagree.

As this court discussed recently in People v Guirola (51 Misc 3d 13 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]), the Court of Appeals in Sibblies was asked to determine what makes a prior, off-calendar statement of readiness illusory. The result was a plurality opinion comprised of two concurring opinions. In Sibblies, the People filed an off-calendar statement of readiness, but declared that they were not ready for trial at the next court appearance since they had not received medical records, which they sought after filing their statement of readiness. While the Court of Appeals agreed that the People's off-calendar statement of readiness was illusory, it was divided in its rationale. Chief Judge Lippman, in a concurring opinion joined by two other judges, concluded that once a challenge to the propriety of a prior statement of readiness is made, the People "must demonstrate that some exceptional fact or circumstance arose after their declaration of readiness so as to render them presently not ready for trial" (Sibblies, 22 NY3d at 1178). Judge Graffeo, in a separate opinion joined by two other judges, declined to adopt such a rule for determining whether a declaration of readiness is illusory. Instead, she adhered to the rule that a statement of readiness is presumptively truthful and accurate unless there is " proof that the readiness statement did not accurately reflect the People's position' " (id. at 1180, quoting People v Carter, 91 NY2d 795, 799 [1998]). In Judge Graffeo's opinion, the presumption of truthfulness and accuracy was rebutted because the People offered "no explanation for the change in circumstances between the initial statement of readiness and the subsequent admission that the People were not ready to proceed without the medical records" (Sibblies, 22 NY3d at 1181).

Here, we conclude that, under either concurring opinion in Sibblies, the People's statement of readiness was nothing more than a "mere empty assertion of readiness" (People v Stirrup, 91 NY2d 434, 440 [1998]). Before filing their statement of readiness on March 24, 2014, the People should have ascertained the officer's availability. Although the People indicated [*3]that on March 24th they had notified the officer to appear on May 14, 2014, such notification, by itself, does not establish the People's readiness for trial. When the People filed their statement of readiness on March 24th, they had no confirmation from the officer that he would be available on that day or any other day.[FN2]
Indeed, the People made no attempt to confirm the officer's availability until the morning of the scheduled trial. Moreover, the officer's nonappearance due to vacation was a possibility that was neither unexpected nor unforeseen. To the extent that the People argue that their statement of readiness was accurate since the officer's testimony was not necessary to establish a prima facie case, we disagree. The People's argument is belied by their own admission on March 18, 2014 that they were not ready for trial because the officer was unavailable. In these circumstances, we hold that the Criminal Court correctly charged the People with a total of 91 days of delay, which included the entire period from March 18, 2014 to May 14, 2014.

Accordingly, the order is affirmed.

Weston, J.P., concurs in the following memorandum:

While I agree with the majority opinion, I write separately to discuss what has become a disturbing trend among prosecutors to announce their readiness with no real intent to proceed. 

Unlike some other states' speedy trial statutes, which prescribe a time within which a defendant must be brought to trial, New York's speedy trial statute sets forth a time within which the People must be "ready" for trial (see Note, "A Broken Clock: Fixing New York's Speedy Trial Statute," 48 Colum. J.L. & Soc. Probs. 223, 253 [2015]). A statement of readiness, by itself, is sufficient to satisfy this requirement and will stop the speedy trial clock from running (see People v Stirrup, 91 NY2d 434, 440 [1998]). An issue, however, arises when the People file a statement of readiness simply as a means of stopping the clock, with no real intent to proceed. Since a statement of readiness is presumptively truthful and accurate, it is difficult to verify whether the prosecution is, in fact, truly "ready." Although courts have consistently held that an "illusory" statement of readiness will not toll the speedy trial clock (see e.g. People v England, 84 NY2d 1, 4 [1994]; People v Cole 73 NY2d 957, 958 [1989]; People v Vivola, 13 Misc 3d 128[A], 2006 NY Slip Op 51744[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]), there is no clear guidance as to what makes a statement of readiness illusory. While the Court of Appeals attempted to resolve the issue in People v Sibblies (22 NY3d 1174 [2014]), the result was a plurality opinion, with each opinion adopting a different rule. 

Since Sibblies, courts have continued to grapple with what makes a statement of readiness illusory. While most courts have adopted Judge Graffeo's narrower approach, they differ in the application of that approach. For instance, in People v Brown (126 AD3d 516 [2015], lv granted 25 NY3d 1160 [2015]), the Appellate Division, First Department, held that the presumption of truth and accuracy attached to the People's certificate of readiness was not rebutted simply because the People were not ready at the next court appearance after the certificate was filed (id. at 518). In so holding, the court noted that, unlike in Sibblies, the People "made an initial strategic decision to proceed, if necessary, with a minimal prima facie case" (id. at 519). Subsequently, in People v Rodriguez (135 AD3d 587 [2016]), the First Department, by a different panel, held that the People's statements of readiness were illusory since the People " gave no explanation for the change in circumstances between the initial statement of readiness [*4]and [the admitted later inability] to proceed' " (id. at 588, quoting People v Sibblies, 22 NY3d at 1181). 

Whatever the rule, it has become apparent that the presumption of truth and accuracy attached to a statement of readiness has worked to the detriment of defendants (see e.g. People v Rodriguez, 135 AD3d 587; People v Guirola, 51 Misc 3d 13 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Canady, 50 Misc 3d 132[A], 2015 NY Slip Op 51942[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). In some instances, prosecutors will simply file a statement of readiness in response to a court's directive and then request a short adjournment, knowing that, due to court congestion, the case will not be tried for months (see Note, "A Broken Clock: Fixing New York's Speedy Trial Statute," 48 Colum. J.L. & Soc. Probs. at 248). In doing so, the People ensure that they will not be charged with any time beyond that which they requested. In other instances, prosecutors may seek to "cure" an in-court declaration of unreadiness by subsequently filing an off-calendar statement of readiness. In the most egregious cases, prosecutors will file multiple off-calendar certificates of readiness after each in-court statement of unreadiness (see People v Guirola, 51 Misc 3d 13; People v Canady, 50 Misc 3d 132[A], 2015 NY Slip Op 51942[U]).

Under any of these scenarios, the filing of a certificate of readiness has become nothing more than a stalling tactic to avoid dismissal on speedy trial grounds. Such a tactic eviscerates the speedy trial statute and the constitutional interests it aims to protect. Delays occasioned by a pro forma statement of readiness are especially damaging to those defendants who are unable to post bail, leaving them to languish in an already overcrowded prison system, sometimes for years. With defendants in New York City misdemeanor cases waiting an average of 571 days for jury trials and 479 days for bench trials (see Lancman, Rory I., "We Need Speedy Trial Reform in City's Criminal Courts, NYLJ, Feb. 24, 2016 at 6), prosecutors must do more than just pay lip service to their obligations under the speedy trial statute. A hollow assertion of readiness not only compromises a defendant's right to a swift adjudication, but casts a cloud on the very office charged with ensuring that "justice is done and the rights of all—defendants included—are safeguarded" (People v Lombard, 4 AD3d 666, 671 [1957]).

Pesce and Aliotta, JJ., concur.

Weston, J.P., concurs in a separate memorandum.

Decision Date: June 23, 2016



Footnotes

Footnote 1: The People acknowledged May 14, 2014 as one of several possible dates that were "good for the People."

Footnote 2: The notification printout from the New York City Police Department Court Appearance Control System indicates that on March 24, 2014, the assigned assistant district attorney put the arresting officer on "appear" for May 14, 2014. The printout was acknowledged by someone other than the arresting officer, and the "notified by" line remained blank.