Matter of Christian W. (Michael W.) (2018 NY Slip Op 07599)





Matter of Christian W. (Michael W.)


2018 NY Slip Op 07599


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1155 CAF 16-02301

[*1]IN THE MATTER OF CHRISTIAN W., JEREMIAH G., AND ARZELL G. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; MICHAEL W., RESPONDENT-APPELLANT. 






EVELYNE A. O'SULLIVAN, EAST AMHERST, FOR RESPONDENT-APPELLANT. 
JAMES E. BROWN, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RICHARD L. SULLIVAN OF COUNSEL), ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered December 5, 2016 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had neglected the subject children and placed him under the supervision of petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order determining, inter alia, that he neglected the subject children. Contrary to the father's contention, Family Court did not err in permitting the Attorney for the Children (AFC) to present additional evidence after the in camera hearing inasmuch as the AFC had not yet rested and thus had not closed her case. In any event, even assuming, arguendo, that she had rested and closed her case, we would nevertheless conclude that the court did not abuse or improvidently exercise its "considerable discretion" in permitting the AFC to reopen her case (Scott VV. v Joy VV., 103 AD3d 945, 949 [3d Dept 2013], lv denied 21 NY3d 909 [2013]; see Matter of Jewelisbeth JJ. [Emmanuel KK.], 97 AD3d 887, 888-889 [3d Dept 2012]; Matter of Julia BB. [Diana BB.], 42 AD3d 208, 215-216 [3d Dept 2007], lv denied 9 NY3d 815 [2007]; see generally Feldsberg v Nitschke, 49 NY2d 636, 643 [1980], rearg denied 50 NY2d 1059 [1980]).
The father further contends that he was denied his due process rights when the court conducted an interview with one of the children outside the presence of the father and his counsel. Inasmuch as the father raised no objections to the in camera interview procedures, he failed to preserve his contention for our review (see Matter of Jesse XX. [Marilyn ZZ.], 69 AD3d 1240, 1243 [3d Dept 2010]; Matter of Karen BB., 216 AD2d 754, 756 [3d Dept 1995]).
Finally, we conclude that " [t]he record, viewed in its totality, establishes that the father received meaningful representation' " (Matter of Sean P. [Sean P.], 162 AD3d 1520, 1521 [4th Dept 2018], lv denied 32 NY3d 905 [2018]; see Matter of Derrick C., 52 AD3d 1325, 1326 [4th Dept 2008], lv denied 11 NY3d 705 [2008]).
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court